# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KEVIN B. MAM, <br><br> Petitioner, <br><br> v. <br><br> STU SHERMAN, <br><br> Respondent. | No. CV 20-04818-ODW (DFM) <br><br> Order Summarily Dismissing Petition for Lack of Jurisdiction |

On May 29, 2020, Petitioner filed in this action a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkts. 1 ("Petition"), 2. The Petition seeks relief from Petitioner's 2005 conviction for first-degree murder. See id. at 2.

This is Petitioner's second habeas corpus petition in this Court; a previous petition for habeas relief from the same 2005 conviction was summarily dismissed as untimely. See Mam v. Sherman, No. 20-00057-ODW (DFM), Dkt. 5. Petitioner did not appeal the prior dismissal. Accordingly, this Petition is successive. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2016) (holding that dismissal of habeas petition for failure to comply with statute of limitations renders subsequent petitions second or successive).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or

successive application in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996). Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998) (citing 28 U.S.C. § 2244(b)(3)(A)). Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" AEDPA. 28 U.S.C. § 2244(b)(3)(C).

It is clear from the face of the Petition that it is successive, attacking the same 2005 conviction for first-degree murder as Petitioner's prior petition. Absent prior authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the Petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007). Accordingly, the Court will dismiss the Petition without prejudice to its refiling at such time as Petitioner obtains permission to file a successive petition.[1]

---

[1] If Petitioner obtains permission to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action nor should he use this case number from this action

IT IS THEREFORE ORDERED that judgment be entered summarily dismissing the Petition without prejudice to its refiling at such time as Petitioner obtains permission to file a successive petition.

Dated: June 8, 2020

_____
OTIS D. WRIGHT II
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge

3